UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

JUAN R. MORA,
and other similarly-situated individuals,

    Plaintiff,
v.

OCHO RIOS-MIAMI, INC.,
and ALLAN LOWE, individually

    Defendants.
_____/

## **COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216 (b))

COMES NOW the Plaintiff JUAN R. MORA, and other similarly-situated individuals, by and through the undersigned counsel, and hereby sues Defendants OCHO RIOS-MIAMI, INC., and ALLAN LOWE, individually and alleges:

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act"),

2. Plaintiff JUAN R. MORA is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiffs is a covered employee for purposes of the Act.

3. Defendant OCHO RIOS-MIAMI, INC. (hereinafter OCHO RIOS-MIAMI) is a Florida corporation, having its main place of business in Miami-Dade County, Florida, where

Plaintiff worked for the Defendant. At all times material hereto, Defendant was and is engaged in interstate commerce, within the meaning of the Fair Labor Standards Act.

4. Individual Defendant ALLAN LOWE was the warehouse manager of Defendant Corporation OCHO RIOS-MIAMI. This individual was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this complaint took place in Miami/Dade County Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

6. Corporate Defendant OCHO RIOS-MIAMI is an importer and distributor of Caribbean and Oriental food Products. Defendant produce and distributes its own brands, as well as a wide variety of specialty food brands. Defendant sells and delivers its products to supermarkets, neighborhood groceries stores, convenience stores, and restaurants, within the area of Miami-Dade, and West Palm Beach.

7. Defendant OCHO RIOS-MIAMI hired Plaintiff JUAN R. MORA in 1996, as non-exempt, hourly employee. Plaintiff's last day of work was on or about November 8, 2016, date in which he suffered a work-related accident. Consequently, for FLSA purposes Plaintiff relevant period of employment is 148 weeks.

8. Plaintiff had duties as a warehouse employee, and delivery-driver. Plaintiff duties included pulling orders, counting pieces, palletizing and shrink wrapping orders, under closed supervision of Warehouse Manager ALLAN LOWE; then, Plaintiff delivered the groceries to local supermarkets, restaurants etc. Plaintiff also went to Miami International Airport to

pick up merchandise that came to rest to its final destination, OCHO RIOS-MIAMI'S warehouse, point of sale and distribution.

9. Additionally, Plaintiff also had the duty of giving light maintenance to the trucks and vans of OCHO RIOS-MIAMI, on Mondays every week.

10. Plaintiff's wage rate during the relevant period of employment was $12.50 and $13.00 an hour.

11. During the relevant time of employment, Plaintiff worked five days per week; He reported to work from Monday to Friday at 7:30 AM and he worked until 4:30 PM (9 hours each day) for an average of Forty-Five (45) hours weekly. In addition, twice per month, Plaintiff went on Thursdays to West Palm Beach to perform between 15 and 20 deliveries. In those weeks, Plaintiff worked on Thursdays from 5:00 AM to 6:00 PM (13 hours). Therefore, during the relevant time-period (148 weeks), Plaintiff worked 74 weeks of 45 hours weekly, and 74 weeks of 49 hours.

12. Plaintiff worked more than 40 hours every week, however, Plaintiff was paid only for 40 hours every week.

13. Defendant failed to pay Plaintiff at the rate of time and one half his regular rate for every hour in excess of 40 worked in a week period as established by the Fair Labor Standards Act.

14. Plaintiff JUAN R. MORA seeks to recover for unpaid overtime wages accumulated during all their time of employment, as allowable by law.

15. In addition, Plaintiff requests to be reimbursed for the payment of $20.00 to hire a helper every time he went to perform deliveries in West Palm Beach during the relevant period of employment ($20.00 x 74 weeks = $1,480.00)

16. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendant who are and who were subject to the unlawful payroll practices and procedures of Defendant and were not paid time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME, AS TO ALL DEFENDANTS**

17. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-16 above as if set out in full herein.

18. This action is brought by Plaintiff JUAN R. MORA and those similarly-situated employees, to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

19. The employer OCHO RIOS-MIAMI, was engaged in interstate commerce within the meaning of the Fair Labor Standards Act, as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The defendant is a producer, importer, and distributor of specialty groceries. Defendant has more than two employees directly and recurrently engaged in interstate commerce. The Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of

Florida. Upon information and belief, the annual gross revenue of the Employers/Defendant was at all times material hereto in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is enterprise coverage.

20. Plaintiff was employed by an enterprise engage in interstate commerce. Plaintiff was a warehouse employee and delivery driver. Through his daily activities, Plaintiff and other employees similarly situated, regularly and recurrently participated in interstate commerce, by handling, working on goods and materials that were moved across State lines at any time in the course of business. Therefore, there is individual coverage.

21. Defendant OCHO RIOS-MIAMI hired Plaintiff JUAN R. MORA in 1996, as non-exempt, hourly employee. Plaintiff's last day of work was on or about November 8, 2016, date in which he suffered a work-related accident. Consequently, for FLSA purposes Plaintiff's relevant period of employment is 148 weeks.

22. Plaintiff had duties as a warehouse employee, and delivery-driver. Plaintiff duties included pulling orders, counting pieces, palletizing and shrink wrapping orders, under closed supervision of Warehouse Manager ALLAN LOWE; then, Plaintiff delivered the groceries to local supermarkets, restaurants etc. Plaintiff also went to Miami International Airport to pick up merchandise that came to rest to its final destination, OCHO RIOS-MIAMI'S warehouse, and point of sale and distribution.

23. Additionally, Plaintiff also had the duty of giving light maintenance to the trucks and vans of OCHO RIOS-MIAMI, on Mondays of every week.

24. Plaintiff's wage rate during the relevant period of employment $12.50 and $13.00 an hour.

25. While employed by Defendant OCHO RIOS-MIAMI, Plaintiff worked five days per week; He reported to work from Monday to Friday at 7:30 AM and he worked until 4:30 PM (9 hours each day) for an average of Forty-Five (45) hours weekly. In addition, twice per month, Plaintiff went on Thursdays to West Palm Beach to perform between 15 and 20 deliveries. In those weeks, Plaintiff worked on Thursdays from 5:00 AM to 6:00 PM (13 hours). Therefore, during the relevant time-period (148 weeks), Plaintiff worked 74 weeks of 45 hours weekly, and 74 weeks of 49 hours.

26. Plaintiff worked in excess of 40 hours every week period. However, Plaintiff did not receive any additional compensation for overtime hours. Plaintiff was not paid for overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

27. Defendant did not keep any time-keeping method to track the hours worked by Plaintiff and other similarly situated individuals. Plaintiff was paid weekly with checks and paystubs showing only 40 hours of work per week.

28. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

29. The records, if any, concerning the number of hours actually worked by Plaintiff and those similarly situated, and the compensation actually paid to such employees should be in the possession and custody of Defendant. However, upon information and belief, Defendant did not maintain accurate time records of hours worked by Plaintiff and other employees.

30. Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

31. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

∗ Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modifications as discovery could dictate.

   a. Total amount of alleged unpaid O/T wages:

   Nineteen Thousand Seven Hundred Seventy-One Dollars and 50/100 ($19,771.50)

   b. Calculation of such wages:

   Total weeks of employment: 148 weeks
   Total weeks with overtime hours: 148

   **1.- O/T calculation for the period from January 5, 2014 to July 31, 2015 /82 weeks @ 12.50 an hour = $10,762.50**

   i. Overtime for 41 weeks with 45 hours of work per week

   Total hours worked: 45 hours every week
   Total overtime hours: 5 O/T hours
   Regular rate: $12.50 x 1.5 = $18.75

   O/T rate $18.75 x 5 O/T hours= $93.75 weekly x 41 weeks = $3,843.75

   ii. Overtime for 41 weeks with 49 hours of work per week

   Total hours worked: 49 hours every week
   Total overtime hours: 9 O/T hours
   Regular rate: $12.50 x 1.5 = $18.75

   O/T rate $18.75 x 9 O/T hours= $168.75 weekly x 41 weeks = $6,918.75

   **2.- O/T calculation for the period from August 1, 2015 to November 8, 2016/ 66 weeks @ 13.00 an hour = $9,009.00**

   i. Overtime for 33 weeks with 45 hours of work per week

   Total hours worked: 45 hours every week
   Total overtime hours: 5 O/T hours
   Regular rate: $13.00 x 1.5 = $19.50

    O/T rate $19.50 x 5 O/T hours= $97.50 weekly x 33 weeks = $3,217.50

 ii. Overtime for 33 weeks with 49 hours of work per week

  Total hours worked: 49 hours every week
  Total overtime hours: 9 O/T hours
  Regular rate: $13.00 x 1.5 = $19.50

  O/T rate $19.50 x 9 O/T hours= $175.50 weekly x 33 weeks = $5,791.50

Total O/T #1 and #2: $19,771.50

<u>Nature of wages (e.g. overtime or straight time):</u>

This amount represents unpaid overtime wages.

32. The Employer/Defendant OCHO RIOS-MIAMI failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

33. Defendant OCHO RIOS-MIAMI knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

34. At times mentioned, individual Defendant ALLAN LOWE was and is now, the warehouse manager of OCHO RIOS-MIAMI. Defendant ALLAN LOWE was an employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. This individual acted directly in the interests of

OCHO RIOS-MIAMI in relation to its employees including Plaintiff and others similarly situated. Defendant ALLAN LOWE had operational control of the business, provided Plaintiff with his work schedule and is jointly liable for Plaintiff's damages.

35. Defendants OCHO RIOS-MIAMI, and ALLAN LOWE willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half his regular rate, as required by the law of the United States and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

36. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff JUAN R. MORA and those similarly-situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff JUAN R. MORA and other similarly-situated individuals and against the Defendants OCHO RIOS-MIAMI, and ALLAN LOWE on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff JUAN R. MORA actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

JURY DEMAND

Plaintiff JUAN R. MORA and those similarly-situated demand trial by jury of all issues triable as of right by jury.

DATED: January 26, 2017

> Respectfully submitted,
>
> By: /s/ **Zandro E. Palma**
> ZANDRO E. PALMA, P.A.
> Florida Bar No.: 0024031
> 9100 S. Dadeland Blvd.
> Suite 1500
> Miami, FL 33156
> Telephone: (305) 446-1500
> Facsimile: (305) 446-1502
> zep@thepalmalawgroup.com
> *Attorney for Plaintiff*