# SETTLEMENT AGREEMENT, RELEASE, WAIVER & CONFIDENTIALITY AGREEMENT

This **SETTLEMENT AGREEMENT, RELEASE, WAIVER & CONFIDENTIALITY AGREEMENT** (this "**Agreement**") is entered into by and between **OCHO RIOS-MIAMI, INC.**, a corporation duly organized under the laws of the State of Florida (the "**Company**"), and **ALLAN LOWE**, an individual ("**Lowe**") on the one hand, and **JUAN R. MORA**, a resident of the State of Florida ("**Mora**"), on the other. Company, Lowe and Mora may each be referred to herein individually as a "**Party**" or collectively as the "**Parties.**"

**WHEREAS**, the Parties desire to settle all claims among them, including, but not limited to, those set forth by Mora against Company as contained in the United States District Court, Southern District of Florida case styled **JUAN R. MORA v. OCHO RIOS-MIAMI, INC. AND ALLAN LOWE, INDIVIDUALLY, CASE NO. 1:17-cv-20364-JAL** (hereinafter referred to as the "**Litigation**");

**WHEREAS**, Company and Lowe denied, continue to deny, and will deny all of Mora's allegations as contained in the Litigation; and

**WHEREAS**, the Parties now desire to settle the Litigation without the time and expense of further contested litigation.

**NOW, THEREFORE**, in exchange for the good and valuable consideration consisting of the mutual promises and covenants as set forth herein, the receipt, adequacy, and sufficiency of which is hereby acknowledged by the Parties, it is agreed as follows:

1. **Dismissal of Claims.** Not later than five (5) days following Company's transmittal of the Settlement Payment described in Section 2 hereof to Mora, Mora agrees to dismiss his claims against Company and Lowe as set forth and contained in the Litigation, with prejudice, with except as otherwise provided herein, each of Mora, Company, and Lowe bearing their own attorneys' fees, litigation expenses, and costs, such dismissal being effectuated by the Parties' filing of a Joint Stipulation of Dismissal with Prejudice in a form to be mutually agreed-upon by the Parties prior to the filing thereof.

2. **Settlement Payment.** In full and final settlement of the Litigation, Company will pay the total sum of Twelve Thousand and No/100 Dollars ($12,000.00) (the "**Settlement Payment**") as follows:

   (a) The gross sum of Three Thousand and No/100 Dollars ($3,000.00) payable to Mora, representing wages, and subject to applicable deductions and withholdings. Company shall issue to Mora an IRS Form W-2 for this portion of the Settlement Payment.

(b) The sum of Three Thousand and No/100 Dollars ($3,000.00) payable to Mora, representing liquidated damages. Company shall issue to Mora an IRS Form 1099 for this portion of the Settlement Payment.

(c) The sum of Six Thousand and No/100 Dollars ($6,000.00), payable to Mora's counsel, Law Offices of Zandro E. Palma, P.A. Company shall issue Mora's counsel an IRS Form 1099 for this portion of the Settlement Payment.

(d) The Settlement Payment excludes any payments to be made pursuant to Mora's Workers' Compensation OJCC Claim No. 16-02798SMS and Workers' Compensation Release Settlement and Waiver dated April 10, 2017.

(e) Mora is solely responsible for the tax consequences arising out of Mora's receipt of the Settlement Payment and Company makes no representation or warranty regarding the tax consequences to Mora in connection therewith. Mora covenants and agrees that he will hold Company harmless from and indemnify Company from and against any and all claims, demands, complaints, third-party complaints, actions, causes of action, damages, and costs of whatever kind and nature, including, without limitation, reasonable attorneys' fees, whether at law or in equity, which arise from, allegedly arise from, or are based on or relate to any claim or demand by any governmental agency or entity that Company failed to withhold sufficient amounts for taxes owed by Mora in connection with the Settlement Payment or this Agreement.

(f) Mora acknowledges that he would not otherwise be entitled to the consideration set forth in this Section 2 absent his execution of this Agreement and that the Settlement Payment is good and valuable consideration for the releases and promises contained in this Agreement. Mora further acknowledges that apart from the Settlement Payment he will receive pursuant to this Agreement, he otherwise has received any and all wages, compensation, and/or employment-related benefits to which he was entitled by virtue of his employment with Company.

(g) Company will pay the Settlement Payment to Mora and Mora's counsel not later than seven (7) days from the date of final court approval.

3. **No Admission**. The Parties acknowledge and agree that this Agreement is not intended by any Party to be construed and will not be construed as an admission by them of any liability or violation of any federal, state, and/or local law, statute, ordinance, regulation, or legal or moral duty of any nature whatsoever. The Parties have entered into this Agreement for the purpose of maintaining an amicable and cooperative relationship and also to settle any and all existing claims now or heretofore in existence between them. The Parties agree that this Agreement shall not constitute or be asserted by any Party to this Agreement to constitute

#50817762_v2

evidence of the existence or non-existence of or validity or invalidity of any right, claim, or obligation or any liability or wrongdoing, except as expressly provided for herein and then only for purposes of the enforcement of (or defense against) claims made under or pursuant to the terms of this Agreement.

4.  **Mora's Release and Covenant Not to Sue.**  In exchange for the mutual promises and covenants described herein, Mora, on behalf of himself, his representatives, agents, estate, heirs, executors, administrators, successors, and assigns hereby unconditionally releases, acquits, discharges, waives, and agrees to indemnify and hold Lowe and Company, its parents, its subsidiaries, and related or affiliated entities, and its and their past, present, and/or future directors, administrators, officers, trustees, directors, employees, agents, attorneys, insurers, reinsurers, representatives, and assigns (hereinafter collectively referred to as the "**Released Parties**"), or any one or more of them, harmless from any and all charges, complaints, claims, liens, contracts, covenants, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, attorneys' fees, costs, losses, and/or debts of any kind or nature that arose or accrued on or prior to Mora's execution of this Agreement, including, but not limited to, any or all claims that may have arisen or begun to arise or accrue out of any federal, state, and/or local law, constitution, regulation, or common law theory, whether statutory in nature, in tort, contract, equity, or otherwise (each such action, claim, suit, right, liability, or demand being hereinafter individually referred to as a "**Claim**" and hereinafter collectively referred to as the "**Claims**") that Mora may now or hereafter have against the Released Parties, or any one or more of them, including, but not limited to, any and all Claim(s) in connection with:  (a) Mora's employment relationship with Company; (b) the terms and conditions of Mora's employment relationship with Company (including, but not limited to, compensation and benefits); (c) Mora's service as an employee of Company; (d) the end of Mora's employment relationship with Company and the circumstances surrounding the end of such employment relationship; and/or (e) any one or more of the following Claim(s) sounding in or with specific regard to, without limitation:  pay, commissions, sick pay, vacation pay, wages, incentives, or bonuses of any type or character; all claims based on any oral, written, or implied contract; breach of contract; breach of the duty of loyalty; breach of covenants; breach of the covenant of good faith and fair dealing; infliction of emotional distress; tortious interference with contractual relations; tortious interference with business relations; wrongful discharge; violation of public policy; libel; slander; defamation; invasion of privacy; misappropriation of trade secrets; misappropriation of property; conversion of property; unjust enrichment; negligence; assault; battery; negligent retention; negligent hiring; negligent supervision; promissory estoppel; retaliation; bad faith refusal to pay; or any other tort.

Without limiting the generality of the foregoing, Mora specifically releases, acquits, discharges, waives, and agrees to indemnify and hold the Released Parties, or any one or more of them, harmless from and against any and all Claims(s) arising under:  (a) the Civil Rights Acts of 1866, 1871, 1964, and 1991; the Rehabilitation Act of 1973; the Americans with Disabilities Act of 1990; the ADA Amendments Act of 2008; the Lilly Ledbetter Fair Pay Act of 2009; the Genetic Information Nondiscrimination Act of 2008; the Older Workers Benefit Protection Act of 1990; the Family and Medical Leave Act of 1993; the Fair Labor Standards Act of 1938; the Age Discrimination in Employment Act of 1967; the Equal Pay Act of 1963; Executive Order Nos. 11246 and 11478; the Occupational Safety and Health Act of 1970; the Immigration

Reform and Control Act of 1984; the Sarbanes-Oxley Act of 2002; the Employee Polygraph and Protection Act of 1988; the False Claims Act; the Fair Credit Reporting Act; the National Labor Relations Act; the Worker Adjustment and Retraining Notification Act; the Uniformed Services Employment and Reemployment Rights Act; each such law as amended; and/or any other federal employment practices-related law; (b) the laws of the State of Florida with regard to Company concerning fair employment practices (which acts and laws prohibit discrimination based upon race, religion, sex, national origin, color, age, disability, and, in some local jurisdictions, sexual orientation), including, but not limited to, the Florida Civil Rights Act; and/or any other state employment practices-related law; (c) the Employee Retirement Income Security Act of 1974 (other than such rights as are mandated or vested by law or by operation of any applicable ERISA-qualifying or other retirement-related plan under which Mora may have such rights); any right to health care continuation pursuant to any applicable plan documents, the Consolidated Omnibus Budget Reconciliation Act, or any similar state law; and/or all health care policy or plan conversion rights; and/or (d) any other federal, state, and/or local constitutions, laws, and/or regulations, and/or any common law theories of recovery. The Release in this Section 4 does not include The Mora's Workers' Compensation OJCC Claim No. 16-02798SMS, which has been resolved pursuant to that certain Workers' Compensation Release Settlement and Waiver dated April 10, 2017.

Except as otherwise provided for in this Agreement or to the extent prohibited by applicable law, Mora agrees that Mora has not and will not file, promote, instigate, or participate in any complaint, charge, claim, action, proceeding, suit, or litigation in any court or before any federal, state, or local government agency or department with respect to any Claim(s) released by Mora herein. If Mora does file, promote, instigate, or participate in any complaint, charge, claim, action, proceeding, suit, or litigation in any court or before any federal, state, or local government agency or department with respect to any Claim(s) released by Mora herein, Mora covenants and agrees to hold the Released Parties, or any one or more of them, harmless from and to indemnify the Released Parties, or any one or more of them, from and against any damages, losses, costs, expenses, and/or attorneys' fees paid, suffered, sustained, incurred by, and/or asserted against any of the Released Parties, or any one or more of them, in addition to any judgments arising therefrom.

Except as otherwise prohibited by applicable law, Mora waives any right to become and promises not to become a member of any class in any proceeding in any court or before any federal, state, or local government agency or department in which claims are asserted against Company, Lowe, and/or the Released Parties, or any one or more of them, that are related in any way to Mora's employment with Company or that relate to or are otherwise connected to matters or events that arose or accrued on or prior to Mora's execution of this Agreement. If, without Mora's prior knowledge and consent, Mora is made a member of a class in any such proceeding in any court or before any federal, state, or local government agency or department, Mora immediately shall opt-out of the class at the first opportunity afforded to Mora after Mora learns about Mora's inclusion in the class.

Mora understands, acknowledges, and agrees that nothing contained in this Section 4 or any other portion of this Agreement is intended to or shall interfere with Mora's rights under any federal, state, or local laws to file a complaint, charge, or claim with the EEOC or any other

federal, state, or local government agency or department; to participate in any federal, state, or local government agency or department investigation or proceeding; or to provide testimony or otherwise cooperate in any federal, state, or local government agency or department investigation or proceeding; provided, however, that Mora hereby waives all of Mora's individual rights to any benefits and relief, including, but not limited to, monetary recovery and reinstatement, derived from any complaint, charge, claim, action, proceeding, suit, or litigation brought on Mora's behalf related in any way to Mora's employment with Company, including, but not limited to, any complaint, charge, claim, action, proceeding, suit, or litigation brought by the EEOC, any other federal, state, or local governmental agency or department, or any other person or third party, except for whistleblower or informant awards to the extent authorized or required by any whistleblower law, rule, or program.

Notwithstanding the foregoing, Mora hereby represents that, although Mora is not legally barred from doing so, and except as otherwise set forth and described herein, Mora does not presently have on file and has not made or filed in any forum any complaint(s), charge(s), claim(s), action(s), proceeding(s), suit(s), or litigation (whether civil, administrative, criminal, or otherwise) against Company or the Released Parties, or any one or more of them, with respect to any Claim(s) released by Mora herein, and Mora acknowledges that Company has relied on Mora's representation as to such in agreeing to perform its obligations and provide the Settlement Payment described in Section 2 of this Agreement to which Mora would not otherwise be entitled absent Mora's execution of this Agreement.

Mora understands and agrees that the foregoing is not a complete list of Claim(s) released. Mora further understands and warrants that this Agreement shall operate as a fully binding and complete resolution of all Claim(s) by and between the Parties to this Agreement and all parties represented by or claiming through such Parties and that Mora shall not be able to seek any monies for any Claim(s), whether known or unknown, against any of the persons or entities released hereunder, unless otherwise expressly provided for herein. Nothing contained in this Section 4 shall preclude either Party from asserting a claim for breach of this Agreement and/or a claim that may arise from events occurring after this Agreement is executed. In addition, nothing contained in this Section 4 shall be deemed to preclude any claim for or otherwise constitute a waiver or release of any claim by Mora for unemployment insurance benefits.

5. **Company Release and Covenant Not to Sue**. In exchange for the mutual promises and covenants described herein, Company hereby unconditionally releases, acquits, discharges, and waives any and all complaints, claims, causes of action, suits, rights, demands of any kind or nature that arose or accrued on or prior to Company's execution of this Agreement that Company may now or hereafter have against Mora in connection with the claims at issue in the Litigation, and that were, or could have been, asserted in connection with the Litigation, including, but not limited to, any or all claims that may have arisen or begun to arise or accrue out of any federal, state, and/or local law, constitution, regulation, or common law theory, whether statutory in nature, in tort, contract, equity, or otherwise

6. **Lowe's Release and Covenant Not to Sue**. In exchange for the mutual promises and covenants described herein, Lowe hereby unconditionally releases, acquits, discharges, and waives any and all complaints, claims, causes of action, suits, rights, demands of any kind or

#50817762_v2

nature that arose or accrued on or prior to Lowe's execution of this Agreement that Lowe may now or hereafter have against Mora in connection with the claims at issue in the Litigation, and that were, or could have been, asserted in connection with the Litigation, including, but not limited to, any or all claims that may have arisen or begun to arise or accrue out of any federal, state, and/or local law, constitution, regulation, or common law theory, whether statutory in nature, in tort, contract, equity, or otherwise

7. **Confidentiality and Non-Disclosure of This Agreement.**

   (a) Except as otherwise authorized by this Agreement, Mora hereby warrants and agrees that he has not and will not and that none of his attorneys, agents, and/or representatives have or will, under any circumstances, whether directly or indirectly, disclose or cause to be disclosed to any person the existence of this Agreement or any of the terms and conditions of this Agreement, including, but not limited to, the Settlement Payment to which Mora would not otherwise be entitled absent Mora's execution of this Agreement, or any facts or other information relating to the negotiation and execution of this Agreement, all such information being deemed strictly confidential. Mora agrees and understands that he is responsible for notifying his attorneys, agents, and/or representatives about the confidentiality obligations described in this Section 6 and that Mora ultimately is responsible for his own compliance and the compliance of his attorneys, agents, and/or duly authorized representatives with the confidentiality obligations described herein.

   (b) If the Parties are at any time asked about or requested to comment upon the status and/or outcome of the Litigation, the Parties shall limit their comment to the following: "The matter has been resolved."

   (c) Notwithstanding the foregoing, nothing contained in this Section 6 shall prohibit the disclosure of any term of this Agreement:

      (i) To the extent necessary to comply with any law, rule, regulation, court or administrative order, and/or directive or to enforce or defend against claims arising in connection with this Agreement; provided, however, that if Mora receives a subpoena or other formal legal process seeking the disclosure of any information about this Agreement, to the extent permitted by law, Mora must give the Released Parties, or any one or more of them, sufficient advance notice in writing (as set forth in Section 11) prior to any such disclosure to allow the Released Parties, or any one or more of them, to take steps to object to and/or seek other protection from any such disclosure;

      (ii) To a government agency or department in connection with any charge or investigation it is conducting or may conduct; or

    (iii) To the extent necessary, to Mora's spouse or partner, if applicable, and Mora's attorneys, accountants, and tax advisors; provided, however, that Mora shall inform each such person about the confidentiality provisions of this Agreement and that such disclosure is made on the condition that such information shall be treated as strictly confidential.

  8. **Mutual Non-Disparagement**. The Parties agree not to disclose any information, or make or publish any statement, or make to or solicit for the media or others, or say or do anything to or in relation to the other Party that is adverse or prejudicial to the other Party or that may be considered to be negative, harmful, false, disparaging, derogatory, defamatory, slanderous, or libelous. The Parties further agree not to disclose any information, or make or publish any statement, or make to or solicit for the media or others, or say or do anything to or in relation to the other Party that may tend to harm or prejudice the reputation or good name or goodwill of the other Party.

  9. **No Reemployment**. In further consideration of the undertakings described herein, Mora agrees that he is not eligible for and will not apply for or otherwise seek employment, reemployment, or reinstatement with or otherwise provide services for Company, including, but not limited to, engagement or retention on a freelance, independent contractor, or other contract basis. In the event that Mora applies for any position or engagement with Company, Mora acknowledges that Company has no obligation to rehire, reemploy, or reinstate her, and Mora agrees that any denial of his application is not and will not be deemed retaliatory or form the basis for any retaliation claim against Company. Mora agrees that he may be denied employment or any other remunerative relationship with Company without Company incurring any liability whatsoever. Mora acknowledges that the provisions of this Section 8 are fair and just under the relevant facts and circumstances, and Mora acknowledges and agrees that his forbearance from seeking future employment is purely contractual and is in no way involuntary, discriminatory, or retaliatory. The Parties agree that if requested by Mora or by a third party, Company will provide a neutral reference consisting only of Mora's job position and dates of employment.

  10. **No Assignment of Claims and Warranty**. Mora, on behalf of himself and his representatives, agents, estate, heirs, executors, administrators, successors, and assigns, hereby expressly warrants and represents that Mora is the owner of all Claim(s) released by Mora herein, that Mora has not assigned or transferred or purported to have assigned or transferred (whether expressly, impliedly, voluntarily, or by operation of law or otherwise) any of the Claim(s) released by Mora herein or any portion thereof. Mora further agrees that Mora will hold harmless and indemnify Company and the Released Parties, or any one of more of them, from and against any and all Claim(s) so assigned or transferred.

  11. **Attorneys' Fees and Costs**. In any dispute involving the interpretation or enforcement of this Agreement, whether by way of a legal proceeding or otherwise, the prevailing party shall be entitled to recover its/her reasonable attorneys' fees and costs (including such fees and costs of any enforcement or appeal proceedings), which fees may be set by a court in the trial or appeal of any such action or awarded in a separate action brought for that purpose

and which fees shall be in addition to any other relief (whether at law or in equity). For purposes of this Section 11, the prevailing party means the party obtaining substantially the relief sought, whether by compromise, settlement, or judgment.

12. **Notice**. Any notices required to be provided under this Agreement by Mora to Company, Lowe, and/or the Released Parties, or any one or more of them, shall be made to Ocho Rios-Miami, Inc., 3675 NW 71st Street, Miami, Florida 33147.

13. **Counterparts**. This Agreement may be executed in any number of counterparts each of which, taken together, shall constitute one Agreement.

14. **Severability**. If any provision of this Agreement should be declared or determined by any court to be illegal or invalid, the validity of the remaining parts, terms, or provisions will not be affected, and the illegal or invalid parts, terms, or provisions will be deemed not to be a part of this Agreement.

15. **Waiver of Jury Trial**. The Parties hereby knowingly, voluntarily, and intentionally waive any right to a jury trial with respect to any claims arising in connection with this Agreement.

16. **Amendments; Modifications; Waivers**. The provisions of this Agreement may be amended, modified, or waived in a writing made to effectuate the same and only with the prior written consent of each Party hereto.

17. **Governing Law**. This Agreement will be construed, interpreted, and enforced, both as to substance and remedies, in accordance with the laws of the State of Florida. The Parties irrevocably consent to the personal jurisdiction of the courts of the State of Florida and to the personal jurisdiction of the United States District Court for the Southern District of Florida for all purposes related to this Agreement. Further, the Parties irrevocably consent to venue in the state and/or federal courts having jurisdiction over Miami-Dade County, State of Florida. The Parties hereby waive any objections to jurisdiction and venue as set forth herein, including, but not limited to, any forum non conveniens objections.

18. **Binding Effect and Approval**. This Agreement will be binding upon and inure to the benefit of the Parties hereto and their successors, legal representatives, and assigns.

19. **Entire Agreement**. This Agreement constitutes the sole and entire agreement between Mora and Company with respect to the subject matter contained herein and supersedes all other agreements, representations, promises, understandings, undertakings, and inducements, whether written or oral, made prior to or contemporaneously with the execution and delivery of this Agreement with respect to the subject matter contained herein

20. **Consultation with Legal Counsel**. Mora expressly acknowledges that before signing this Agreement, Mora was advised of Mora's right to consult with legal counsel and/or other advisors selected by Mora regarding the terms and conditions of this Agreement, that Mora knows and understands the contents of this Agreement, and that Mora enters into this Agreement

of Mora's own free will without any inducement not described in this Agreement and not under duress or coercion of any nature.

**IN WITNESS WHEREOF**, and intending to be legally bound, the parties hereto have executed the foregoing Settlement Agreement, Release, Waiver & Confidentiality Agreement as of the dates accompanying the Parties' respective signatures below.

**ACCEPTED AND AGREED**:

**JUAN R. MORA**                              **OCHO RIOS-MIAMI, INC.**

_____                        _____
Date:_____                           By: ASTON LUE
                                               Its: PRES.

**ALLAN LOWE**

_____
Date: 5-3-2017

04/28/2017 11:48 3056332871 MULTIEXPRESSSERVICES PAGE 01/01

RECEIVED 04/28/2017 11:46 3056332871 MULTIEXPRESSSERVICES

From: Jaime Palma    Fax: (305) 446-1602    To: "3056332871@rcfax.co Fax: (305) 633-2871    Page 2 of 2 04/28/2017 11:45 AM

IN WITNESS WHEREOF, and intending to be legally bound, the parties hereto have executed the foregoing Settlement Agreement, Release, Waiver & Confidentiality Agreement as of the dates accompanying the Parties' respective signatures below.

**ACCEPTED AND AGREED:**

**JUAN R. MORA**

Date: 04-25-17

**ALLAN LOWE**

Date: _____

**OCHO RIOS-MIAMI, INC.**

By: _____

Its: _____

#50817762_v2